PER CURIAM.
The Florida Bar’s Appellate Court Rules Committee (Committee) has filed a “fast-track” out-of-cycle report proposing an amendment to Florida Rule of Appellate Procedure 9.140 (Appeal Proceedings in Criminal Cases) in response to recent statutory changes. See Fla. R. Jud. Admin. 2.140(e). We have jurisdiction.[1]
According to the report, chapter 2013-162, Laws of Florida, which became effective July 1, 2013, substituted the terms “intellectual disability” and “intellectually disabled” for the terms “mental retardation” and “mentally retarded” throughout the Florida Statutes. The Committee proposes amending subdivision (c)(l)(I) (Appeals by the State; Appeals Permitted) of rule 9.140 to conform to the statutory changes by replacing the term “mentally retarded” with the term “intellectually disabled.” The Board of Governors of The Florida Bar unanimously approved the proposal.
After considering the proposed amendment and reviewing the relevant legislation, we amend the Florida Rules of Appellate Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendment shall take effect immediately upon the release of this opinion. Because the amendment was not published for comment prior to its adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[2]
It is so ordered.
*54 POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 9.140. APPEAL PROCEEDINGS IN CRIMINAL CASES
(a)-(b) [No Change]
(c) Appeals by the State.
(1) Appeals Permitted. The state may appeal an order
(A)-(H) [No Change]
(I) finding a defendant mentally retarded intellectually disabled under Florida Rule of Criminal Procedure 3.203;
(J)-(P) [No Change]
(2) — (3) [No Change]
(d)-(i) [No Change]
Committee Notes
[No Change]
Court Commentary
[No Change]

. Art. V, § 2(a), Fla. Const.

. All comments must be filed with the Court on or before November 25, 2013, with a certificate of service verifying that a copy has been served on the Committee Chair, Eduardo I. Sanchez, 99 N.E. 4th Street, Suite 800, Miami, Florida 33132-2131, eduardo.i. sanchez@usdoj.gov, and on the Bar Staff Liaison to the Committee, Heather Telfer, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300 htelfer@flabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until December 16, 2013, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). *54 If filed by a non-lawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.